Russell B. Dawson v. Commissioner.
Dawson v. Commissioner
Docket No. 4228.
United States Tax Court
1946 Tax Ct. Memo LEXIS 210; 5 T.C.M. (CCH) 296; T.C.M. (RIA) 46092; April 23, 1946
*210 Held, respondent did not err in taxing the income from the family partnership to petitioner, who formerly operated the business as a sole proprietorship. Lyall F. Martz, Esq., 2217 Penobscot Bldg., Detroit 26, Mich., and William C. Allee, Esq., for the petitioner. Melvin S. Huffaker, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The respondent determined deficiencies in petitioner's income tax as follows: Year
Deficiency
1939
$18,947.80
1940
27,937.18
1941
92,477.66
These deficiencies arose from the holding that the petitioner was taxable on the portion of income of certain partnerships reported by his wife individually and as trustee of three trusts for their three minor children. Findings of Fact Prior to March 1, 1939, the petitioner operated a business under the name of "Russ Dawson", which included a Ford automobile sales agency, sales of used cars, gasoline, etc., at several different locations in Detroit, Michigan. In the latter part of 1938 the petitioner was advised by a business associate who had created a trust for his children, that in his opinion it would be advisable to consider a *211 similar program for the benefit of his family. Petitioner consulted an attorney with whom he had not had previous business dealings. He also consulted his wife and two of his employees. The petitioner's family at that time consisted of himself, his wife and three minor children aged six, five and two years. The employees referred to were Noble S. Balch, the used car manager, with 15 years' experience, and Howard Lare, sales manager with 18 years' experience. On March 1, 1939, the petitioner created three trusts, one for the benefit of each of his children, designating his wife, Virginia Dawson, as trustee of each trust. On the same date the petitioner transferred to Virginia Dawson, as trustee for each of the three trusts, a 10 per cent interest in the assets of "Russ Dawson". The transfers were evidenced by bills of sale. Also on the same date the petitioner transferred to Virginia Dawson, as an individual, a 30 per cent interest in the assets of "Russ Dawson", the transfer being evidenced by a bill of sale. Again on the same date the petitioner sold a 2 per cent interest in the assets of "Russ Dawson" to each Noble S. Balch and Howard Lare. The sales were evidenced by bills of *212 sale and were in consideration of the payment of $1,000 by each. The petitioner retained a 36 per cent interest in the firm of "Russ Dawson". Each bill of sale specifically included a right to part of the income, profits and good will of the new and used car business of "Russ Dawson" but excepted any real estate used in the business. The books of the individual proprietorship were closed as of February 28, 1939, and the transferred assets were set up on the books of the partnership as of March 1, 1939. These assets were identical with the assets of the individual proprietorship with the exception of the realty which had been retained by the petitioner. A partnership agreement dated March 1, 1939 was executed and delivered and the aforementioned parties, i.e., the petitioner, Virginia Dawson individually, Virginia Dawson as trustee of the three trusts, Noble S. Balch and Howard Lare assigned their respective interests in the business to the new partnership. The partnership agreement was for a period of 30 years and provided for capital contributions and percentage of profits distributable to each individual above named as follows: Capital
Percentage
Contribution
of profits
Russell Dawson
$21,570.00
36%
Virginia Dawson
17,974.95
30%
Virginia Dawson as trus-
tee for Russell Daw-
son
5,991.66
10%
Virginia Dawson as trus-
tee for Frances Daw-
son
5,991.66
10%
Virginia Dawson as trus-
tee for Virginia Lee
Dawson
5,991.66
10%
Noble S. Balch
1,198.34
2%
Howard Lare
1,198.34
2%
*213 By an agreement also dated March 1, 1939, the several parties provided for distribution and treatment of the various interests in the partnership in the event of death of any partner. The business to be conducted by the partnership was to be conducted under the name of "Russ Dawson". The petitioner filed a gift tax return with respect to the interests transferred to Virginia Dawson, individually, and Virginia Dawson, as trustee for each of the three children. No tax was shown as being due on such return. The partnership agreement provided that each partner who rendered personal services to the partnership should receive a salary for such services. It also provided that each active working partner should devote his entire time, skill and energy to the best interests of the partnership during the continuance thereof. The profits arising from the conduct of the business, after the payment of salaries, were to be divided among the partners in accordance with the above stated percentages and losses were to be borne in the same proportions. In March 1939 the accountant who had charge of the records of "Russ Dawson" was informed of the organization of the partnership and instructed *214 to set up proper books and records. Various other persons were informed of the fact of the organization of the partnership. The County Clerk of Wayne County, Michigan, refused to permit the filing of a certificate of copartnership because he understood the law forbade partnerships between husband and wife. During 1939, Virginia Dawson, as trustee, withdrew certain funds from the partnership and purchased certain property on behalf of the trusts. On the partnership books these withdrawals were charged against the several trusts. At the close of 1939, Virginia Dawson, as trustee, opened three separate accounts with the National Bank of Detroit and therein deposited money withdrawn on behalf of the several trusts from the partnership. During 1939 the petitioner and his wife purchased certain land as tenants by the entirety with funds withdrawn from the partnership and charged to their respective accounts. At the close of the year 1939 a new and simplified agreement was executed and delivered without disturbing the respective interests of the original partners. In March 1940 separate individual income tax returns for the year 1939 were filed by the partnership, by the petitioner, *215 by Virginia Dawson individually, and by Virginia Dawson as trustee for the three trusts. During 1940 additional properties were purchased by the petitioner and his wife with funds withdrawn from the partnership and charged to their separate accounts. In the latter part of 1940 the petitioner's wife was advised that property held by the entirety beween herself and her husband would be subject to partnership debts as long as she remained a partner in the firm of "Russ Dawson". She decided to withdraw from the partnership to protect her property interests. On January 2, 1941, the partnership of March 1, 1939, as amended January 1, 1940, was dissolved and a certificate of dissolution was filed. Also on January 2, 1941, a new partnership was entered into in which the partners were the petitioner, Virginia Dawson as trustee for each of the three trusts, Noble S. Balch, and Howard Lare. This partnership agreement provided that the profits should be divided 36 per cent to Russell B. Dawson, 20 per cent each to the three trusts, and 2 per cent each to Balch and Lare. On January 8, 1941, a certificate of copartnership was executed and filed in the office of the County Clerk of Wayne County. *216 As of January 1, 1941, the accountant opened the books of the new partnership. The capital investment from Virginia Dawson as of December 31, 1940, was set up in the new partnership as notes payable deferred. On March 1941 separate and individual income tax returns were filed by the partnership, by the petitioner, by Virginia Dawson, individually, and by the three trusts. In March 1942 separate and individual income tax returns for the year 1941 were filed by the partnership, by the petitioner, and by the three trusts. Funds withdrawn from the partnership by Virginia Dawson, as trustee, were used solely for investment, not for the individual use of the trustee or for the maintenance or education of the children. Prior to 1941 Virginia Dawson, as an individual, withdrew various funds from the partnership for her personal use. The active partners in the several partnerships were the petitioner, Balch and Lare. The respondent raised no question as to the validity of distributions of partnership funds to Balch and Lare. Except for increased responsibilities on the part of Balch and Lare, the formation of the several partnerships brought about no substantial change in the management, *217 operation, nature or control of the business. The petitioner was the active manager of the business and the final arbiter of all questions. Only the petitioner, Balch and Lare could sign checks for the partnership. Virginia Dawson, as an individual or as trustee, took no active part in the management or operation of the business and did no work therein. While the petitioner and his two active partners met each day to discuss the business, Virginia Dawson attended such meetings only occasionally. She never voiced her opinion in respect to the business. In connection with the bills of sale executed by the petitioner, no consideration passed to or from any of the parties excepting the sales to Balch and Lare. At the time of the organization of the third partnership in 1941 the several trusts made no additional contributions of capital to the partnership. Neither Virginia Dawson individually nor Virginia Dawson as trustee for the three children, invested any capital originating with her or the trusts in the business. In neither capacity did she contribute to the control or management of the business nor in either capacity perform any vital additional services. Virginia Dawson, individually, *218 and Virginia Dawson, as trustee of the three trusts, were not bona fide partners in the business of "Russ Dawson" during any of the years 1939, 1940 and 1941. Opinion VAN FOSSAN, Judge: The petitioner contends that a valid partnership existed between himself, his wife, individually, and his wife as trustee for the three children, together with Balch and Lare during 1939 and 1940 and between the same parties excepting his wife, individually, in 1941 and that the partnership income is taxable accordingly. He relies on Robert P. Scherer, 3 T.C. 776, and similar cases. The respondent contends that no valid or bona fide partnership under the income tax law existed as to Virginia Dawson as trustee for the three minor children in any of the years. As a consequence he has taxed all of such income to the petitioner. No question is raised as to the income paid to Balch and Lare. The Supreme Court in Commissioner v. Tower, 327 U.S. 280 (February 25, 1946), and in Lusthaus v. Commissioner, 327 U.S. 293, decided the same day, dealt with the precise problem thus raised. In the Tower case the Court said: There can be no question that a wife and husband *219 may, under certain circumstances, become partners for tax, as for other purposes. If she either invests capital originating with her or substantially contributes to the control and management of the business, or otherwise performs vital additional services, or does all of these things she may be a partner as contemplated by 26 U.S.C. §§ 181, 182. The Tax Court has recognized that under such circumstances the income belongs to the wife. A wife may become a general or a limited partner with her husband. But when she does not share in the management and control of the business, contributes no vital additional service, and where the husband purports in some way to have given her a partnership interest, the Tax Court may properly take these circumstances into consideration in determining whether the partnership is real within the meaning of the federal revenue laws. Applying the above stated principles to the facts here present, we have found as a fact that Virginia Dawson individually, and as trustee for the three children's trusts, were not bona fide partners in the business of "Russ Dawson" during any of the years 1939, 1940 and 1941. They invested no capital *220 originating with them, did not participate in the management or control of the business and contributed no services thereto. Consequently, the respondent did not err in disregarding the partnership and taxing the income to the petitioner. In view of the other facts here present it is unnecessary to consider whether or not the transfers of assets by the petitioner to his wife individually and to her as trustee, accompanied by bills of sale, were valid gifts. Decision will be entered under Rule 50.